IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. WILSON, III,<br>#2023-00002038, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 24-cv-00518-JPG<br>) |
| JEFF C. CONNOR,<br>STEVE RIDINGS,<br>BLAKE SELLERS,<br>TOM SCHMIDT,<br>J. CARLYLE, and<br>PAUL SARHAGE, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Wilson, III, filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from his unfair punishment with indefinite lockdown and loss of privileges during his pretrial detention at Madison County Jail. (Doc. 1). He claims the defendants infringed on his due process rights under the Fourteenth Amendment. *Id*. Plaintiff seeks money damages.[1] *Id*. at 9-10.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out portions that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek money damages from an immune defendant. *See* 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court already considered and denied his request for injunctive relief in the Complaint. (Doc. 6).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-8, 10-15): Plaintiff's entire cell block (E-South) was placed on lockdown after an officer discovered a missing battery while distributing tablets and collecting razors from detainees at Madison County Jail on January 28, 2024. *Id*. at 6. Sergeant Tom Schmidt initially left the cell block without incident. However, he returned with Officers Jose Morales, Matt Schwinderlin, and J. Carlyle and ordered all inmates to report to the dayroom. *Id*.

All detainees from the cell block were locked in the dayroom, while Sergeant Schmidt accused one particular detainee of taking a battery from a razor. The detainee was dumbfounded. He explained that he was asleep when the officer ordered him to report to the dayroom and was then accompanied to the dayroom by another inmate. *Id*.

Officers searched every detainee and cell for the battery. Afterwards, detainees were ordered to return to their cells and placed on lockdown. They were denied television, tablets, radio, recreation, and normal food trays. *Id*.

Plaintiff requested an explanation for this punishment. Lieutenant Sellers and Captain Ridings denied his requests for information. Plaintiff then filed a grievance with Officer Morales, who instructed him to speak with Lieutenant Sellers. *Id*. at 7. Instead of offering an explanation, Lieutenant Sellers left the entire cell block on lockdown for over 72 hours before allowing the plaintiff out of his cell to shower. Plaintiff was never issued a disciplinary report, notice of any rule violation, or summary of any findings from the blockwide search. *Id*.

When a new crew began working at 6 p.m. on January 28, 2024, Lieutenant Sarhage insisted that Plaintiff file a grievance to address his concerns, although Sarhage added that, "technically, Plaintiff ha[s] no rights and can do all the crying [he] want[s]." *Id*. Plaintiff

nevertheless filed another grievance to complain that his entire cell block was punished with an extended lockdown without receiving any notice of a rule violation, a written report, or a hearing. Using the grievance process, Plaintiff made the following individuals aware of his complaint: Lieutenant Sellers, Captain Ridings, and Sheriff Connor. *Id*. at 8.

After Plaintiff spent more than 72 hours on lockdown, Lieutenant Sellers appeared and indicated that "something ha[d] to be done." *Id*. Even then, Plaintiff was given no explanation, ticket, notice, or a hearing. Plaintiff's punishment with lockdown and loss of privileges was ongoing on the date he signed the Complaint on February 18, 2024. *Id*. at 9.

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Defendants Schmidt, Carlyle, Sellers, Sarhage, Ridings, and Connor for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with indefinite lockdown and loss of privileges during his pretrial detention at Madison County Jail beginning on January 28, 2024.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

The Fourteenth Amendment prohibits deprivations of any constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" triggers the right to due process of law under the Fourteenth Amendment. *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). Unless he receives notice and an opportunity to be heard, a pretrial detainee cannot be placed in segregation or lockdown segregation as punishment for a disciplinary infraction. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999).

A pretrial detainee is still subject to some restrictions on his liberty. *Rapier*, 172 F.3d at 1003. The government may take reasonable steps to effectuate pretrial detention, including those steps necessary to maintain safety and security at the facility. *Id*. If those measures are reasonably related to the orderly management of the facility, they are not considered punishment for the crime a pretrial detainee is charged with committing. *Id*.

At this stage, it is not clear whether Plaintiff's indefinite lockdown and loss of privileges amounted to punishment triggering due process protections, or reflected a managerial decision triggering no such protections. The initial decision to place inmates on lockdown was made after Sergeant Schmidt discovered a battery missing from a razor. Lieutenant Sellers extended the lockdown on more than one occasion. Plaintiff's lockdown was ongoing when he signed the Complaint twenty days later. This exceeds the amount of time necessary to investigate the whereabouts of a battery and suggests that the plaintiff was being punished without due process. Accordingly, Count 1 shall receive further review against the two defendants who were directly involved in the lockdown of Plaintiff: Schmidt and Sellers.

Defendants Carlyle, Sarhage, Ridings, and Connor shall be dismissed. Plaintiff did not identify these individuals as being responsible for any decision to punish him or place him on lockdown. At most, these individuals recommended that he file a grievance or received one of his grievances about this matter. Under § 1983, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Because Plaintiff has not explained how each one of the individuals was personally involved in a

constitutional violation, he has failed to state a claim for relief against them. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Count 1 against Defendants Carlyle, Sarhage, Ridings, and Connor shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **BLAKE SELLERS** and **TOM SCHMIDT**, and this claim is **DISMISSED** without prejudice for failure to state a claim for relief against **J. CARLYLE, PAUL SARHAGE, STEVE RIDINGS,** and **JEFF C. CONNOR**.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BLAKE SELLERS** and **TOM SCHMIDT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2(b), Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will delay transmission of court documents and may result in dismissal of this action for want of prosecution. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/9/2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.