### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. WILSON, II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 24-cv-518-RJD ) |
| JEFF C. CONNOR, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Anthony R. Wilson, II, filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from his alleged unfair punishment with indefinite lockdown and loss of privileges during his pretrial detention at Madison County Jail. (Doc. 1; Doc. 19, p. 1). Following the preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on a Fourteenth Amendment claim against Defendants Schmidt and Sellers for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with indefinite lockdown and loss of privileges during his pretrial detention at Madison County Jail beginning on January 28, 2024. (Doc. 19, pp. 3-5).

This matter comes before the Court on Plaintiff's motions for a court order (Docs. 42 & 46), and Defendants' Motion to Compel (Doc. 43). For the reasons explained below, Plaintiff's motions are **GRANTED in part and DENIED in part**, and Defendants' motion is **GRANTED**.

**Plaintiff's Motions for Court Order (Docs. 42 & 46)**

Plaintiff filed two partially overlapping discovery motions, seeking to compel production of documents as well as leave to depose Defendants and certain witnesses. The Court will address

each request in order.

*Withholding of Initial Disclosures and Request for Medical Records*

Plaintiff first alleges that Defendants inappropriately withheld certain documents from their initial disclosures. Doc. 42, pp. 1-2. Plaintiff attaches Defendants' Initial Disclosures to the motion but does not specify what information has been improperly withheld. *Id.* at 1-5. Defendants appear to have responded to all categories of documents that they have been directed to produce per the Court's Initial Scheduling Order. The Court clarifies that the lack of any responsive documents to certain categories of documents is a proper response. Without more information, the Court cannot determine whether Defendants are improperly withholding any documents subject to production under the Court's Initial Scheduling Order.[1]

Plaintiff also asks that Defendants produce Plaintiff's "medical records and mental health requests" for the time he was detained at Madison County Jail. Doc. 42, p. 2. Defendants did not respond to Plaintiff's request. Based on Defendants' Initial Disclosures, it appears that Defendants requested that Plaintiff complete an authorization for the production of his medical documents. This is a proper request, and Plaintiff does not clarify whether he provided Defendants with the requested authorization. To the extent Plaintiff has properly executed and returned the requested authorization, Plaintiff's request is **GRANTED**. By **December 1, 2025,** Defendants are **ORDERED** to produce the relevant documents or provide a status report explaining the reasons for failing to do so.

*Request to Depose Defendants and Witnesses*

Plaintiff further asks the Court's leave to depose Defendants and certain Madison County

---

[1] The Court previously addressed Defendants' delay in producing their Initial Disclosures, and extended Plaintiff's deadline to file a motion to amend the Complaint to ensure Defendants' delay did not prejudice Plaintiff. Doc. 31, p. 5.

Sheriff's Department employees who were involved in the alleged constitutional violation against him or have relevant information by their participation in the administrative process. Doc. 42, pp. 1-2. Plaintiff further states that he sent Defense Counsel a notice of deposition for Defendants Sellers and Schmidt and the previously dismissed Defendants Morales, Carlyle, and Schwinderlin for November 5, 2025, but the prison officials denied him "space, equipment, notary," and reporter in the absence of a relevant court order. Doc. 46, pp. 1-2. He asked that the Court provide him with the "notary, court report, and court order" required to conduct the depositions. *Id.*

Plaintiff's request is **DENIED without prejudice.** Civil litigants, including *pro se* parties, may utilize all discovery methods described in the Federal Rules of Civil Procedure, including depositions. However, to conduct depositions, the litigants must fully comply with procedural rules, including proper notice under Rule 30(b)(1) and the method of recording under Rule 30(b)(3). Fed. R. Civ. P. 30(b)(1) & (3). The noticing party carries the recording costs. Fed. R. Civ. P. 30(b)(3). The Court does not have the authority to schedule or pay the deposition costs for pro se litigants. *See Lindell v. McCallum*, 352 F.3d 2003, 1111 (7th Cir. 2003) (holding that a pro se plaintiff proceeding in forma pauperis has "no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund" (internal citations omitted)). Nor does the Court have the authority to direct Plaintiff's facility to incur that cost. Therefore, Plaintiff's motion for leave to take depositions is **DENIED** at this time. Plaintiff may renew his motion by **December 1, 2025**, provided that he can demonstrate his willingness and ability to pay the deposition costs, including the cost of securing a stenographer or court reporter.

**Defendants' Motion to Compel (Doc. 43)**

On August 25, 2025, Defendants filed a motion to compel under Federal Rule of Civil Procedure 37. Doc. 43. Defendants represent that Plaintiff failed to respond to their interrogatories and requests for production of documents that were propounded to Plaintiff on April 22, 2025, despite Defendants' follow-up correspondence on August 4, 2025. *Id.* at 2. Plaintiff did not respond to the motion. Responses to written discovery requests are due within 30 days from their service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Under Rule 37, "[o]n notice to other part[y] . . . , a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(3)(B). In light of Plaintiff's failure to respond to Defendants' motion, the motion to compel is **GRANTED**. Plaintiff shall respond to Defendants' written discovery requests by **December 1, 2025**. Plaintiff is **WARNED** that failure to comply with this order may result in dismissal of this case under Federal Rule of Civil Procedure 37(b)(2).

In light of the above, the Court further finds it appropriate to extend the discovery and dispositive motions deadlines as follows: **Discovery is due by December 17, 2025. Dispositive and *Daubert* motions are due by January 20, 2026**.

## Conclusion

For the reasons set forth above, **Plaintiff's motions for court order (Docs. 42 & 46) are GRANTED in part and DENIED in part.** By **December 1, 2025,** Defendants are **ORDERED** to produce Plaintiff's "medical records and mental health requests" since January 1, 2024, and for the time he was detained at Madison County Jail, or provide a status report explaining the reasons for failing to do so. Plaintiff's request to depose Defendants and certain witnesses is **DENIED without prejudice**. Plaintiff may renew his motion by **December 1, 2025**, provided that he can demonstrate his willingness and ability to pay the deposition costs, including the cost of securing

a stenographer or court reporter.

Defendants' Motion to Compel (Doc. 43) is **GRANTED**. Plaintiff shall respond to Defendants' written discovery requests by **December 1, 2025**. Plaintiff is **WARNED** that failure to comply with this order may result in dismissal of this case under Federal Rule of Civil Procedure 37(b)(2).

The Scheduling Order is **AMENDED** as follows: **Discovery is due by December 17, 2025. Dispositive and *Daubert* motions are due by January 20, 2026**.

**IT IS SO ORDERED.**

DATE: November 17, 2025

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**