IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY R. WILSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-518-RJD |
| | ) | |
| BLAKE SELLERS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Plaintiff's Motion to Subpoena (Doc. 61). For the reasons explained below, the motion is **GRANTED in part and DENIED in part**. In response to Plaintiff's request to have all Defendants, including those previously dismissed, testify at trial, the Court mailed Plaintiff six blank, unsigned subpoena forms. (Doc. 60). It directed Plaintiff to properly fill out the forms and return them to the Court. (Doc. 60). Thereafter, Plaintiff filed this motion, attaching two proposed subpoenas directed to previously dismissed Defendant Jeff C. Connor, Warden/Sheriff of Madison County, and a non-party named "Jose Morales." (Docs. 61-1 & 61-2). Plaintiff further requested additional blank subpoena forms for eight individuals in IDOC custody.

Under Local Rule 45(1)(b), a pro se party who wishes to issue a subpoena must complete the relevant form and file a motion addressing the relevancy of the subject persons' testimonies to the claims or defenses at issue. *See* LR- SDIL 45.1(b). The Court finds that the testimony of the

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 26).

dismissed Defendant Jeff C. Connor, who was the Madison County Warden/Sheriff at times relevant to the Complaint, can be relevant to Plaintiff's claims. Plaintiff's motion is GRANTED in part as to the dismissed Defendant Jeff C. Connor. The Court has filled out the missing information (place and time) in Plaintiff's proposed subpoena. The Clerk of Court is **DIRECTED** to sign and issue the attached proposed subpoena and mail it to Plaintiff (Appendix 1). Plaintiff shall fill in Defendant Jeff C. Connor's address. Plaintiff is **ADVISED** that he will be responsible for serving the subpoena in accordance with Federal Rule of Civil Procedure 45, and he is also responsible for paying the associated costs - even though the Court has found him to be indigent. *See Armstead v. MacMillian*, 58 Fed. Appx. 210, 213 (7th Cir. 2003) (unpublished) (district courts do not have statutory authority to waive witness fees for indigent civil litigants). As to the remaining individuals, Plaintiff does not explain in his motion the relevance of their testimonies. Accordingly, the motion as to them is **DENIED**.

**IT IS SO ORDERED**.

**DATED: June 3, 2026**

 

**Hon. Reona J. Daly**
**United States Magistrate Judge**